UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

ORIGINAL

---

SULTAN MARUF,

*Plaintiff,*

-against-

KELLY LOEFFLER,

Administrator,

United States Small Business Administration,

*Defendants.*

---

CV 26-01347

Civil Action No. _____

DeARCY HALL, J.

ESHKENAZI, M.J.

**COMPLAINT (Jury Trial Demanded)**

## I. NATURE OF THE ACTION

1. This is an employment discrimination and retaliation action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* Plaintiff Sultan A. Maruf, a Muslim man with documented disabilities, was subjected to hostile treatment after his supervisors learned he was Muslim, denied disability accommodation, and had his temporary appointment terminated — ostensibly for performance deficiencies caused by the very disabilities Defendant refused to accommodate.

## II. JURISDICTION AND VENUE

REC'D IN PRO SE OFFICE
MAR 9 '26 AM11:11

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. § 794a. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because Plaintiff resides in Queens County, New York.

## III. PARTIES

3. Plaintiff Sultan A. Maruf resides in Queens County, New York.

4. Defendant Kelly Loeffler is the Administrator of the United States Small Business Administration ("SBA") and is sued in her official capacity. The SBA is a federal agency subject to Title VII and the Rehabilitation Act.

## IV. ADMINISTRATIVE EXHAUSTION

5. Plaintiff initiated EEO counseling on March 12, 2022, filed a formal EEO complaint on April 13, 2022, and requested a hearing before an EEOC Administrative Judge. Plaintiff timely files this civil action within the statutory ninety-day period following completion of administrative proceedings.

## V. FACTUAL ALLEGATIONS

### A. Background

6. On January 18, 2022, Plaintiff was hired as a Disaster Recovery Specialist (GS-9) under Schedule A disaster hiring authority, with a temporary appointment not to exceed May 7,

2022. Plaintiff is Muslim, Asian, and of Bangladeshi national origin. He has documented disabilities — memory loss, depression, and physical pain — that substantially limit his ability to concentrate, remember, and perform cognitive tasks. Plaintiff previously served as an SBA Loan Officer and holds three graduate degrees; he was fully qualified for the position.

7. Plaintiff disclosed his disability during the application process. That disclosure appears in Defendant's own application records, placing Defendant on notice of his disability before his first day of work.

## B. Defendant Learns Plaintiff Is Muslim — Hostile Treatment Follows Immediately

8. On February 4, 2022, Plaintiff requested permission from Team Lead Janice Agyeman-Budu to extend his lunch break to attend Friday congregational prayer (Jumu'ah). Defendant granted the request without objection.

9. On February 11, 2022, Plaintiff sent written communication to supervisors including Ms. Agyeman-Budu, stating: *"We (Muslims) observe and follow major praying time on Friday. We also pray every day during the noon time."* This communication placed supervisors on actual written notice that Plaintiff was Muslim.

10. The treatment Plaintiff received changed immediately after that disclosure. Within days of the February 11 communication, Team Lead Agyeman-Budu directed Plaintiff to submit leave documentation for a routine restroom break of approximately 16 minutes and sought to have his pay docked as a result. Supervisor Liggans overruled Ms. Agyeman-Budu and determined that no leave deduction was warranted. That Ms.

Agyeman-Budu sought to penalize Plaintiff for a routine break — an action her own supervisor found to be unjustified — is direct evidence of the disproportionate scrutiny to which Plaintiff was subjected following disclosure of his religion.

11. On February 17, 2022 — six days after Plaintiff's written identification as Muslim — Plaintiff was publicly instructed via the office group chat to disregard an invitation to an Agency-sponsored Black History Month event and return to his duties. Other employees were permitted to attend. Throughout his remaining employment, Plaintiff was subjected to pervasive monitoring of his break time, call duration, and communications responsiveness at a level disproportionate to that applied to other Disaster Recovery Specialists.

12. This pattern of targeted adverse treatment commenced immediately following Defendant's acquisition of actual written notice of Plaintiff's religion on February 11, 2022, and was not present before that disclosure.

## C. Defendant Refuses Disability Accommodation

13. On February 9, 2022, Plaintiff disclosed to Supervisors Liggans and Agyeman-Budu that medication caused confusion and that he had difficulty multi-tasking. He reiterated his disability-related limitations on February 25 and March 1, 2022, and on March 15, 2022 formally notified Human Resources in writing of his "memory loss problems, depression, and physical pain."

14. On April 5, 2022, Defendant acknowledged receipt of a reasonable accommodation request. On April 19, 2022, Plaintiff submitted formal documentation requesting

reassignment to a different team or supervisor, explaining that his current environment exacerbated his anxiety and memory difficulties. Reassignment is a recognized form of reasonable accommodation under the Rehabilitation Act. *See* 29 C.F.R. pt. 1630, app. § 1630.9.

15. On April 25, 2022, Defendant denied Plaintiff's request, characterizing it as not a "true reasonable accommodation." Defendant offered no alternative and failed to engage in any good-faith interactive process. Plaintiff's below-standard performance metrics were directly caused by these unaccommodated disabilities: his memory impairment impaired his ability to retain caller information, respond to notifications, and meet call duration targets.

## D. Non-Extension and Pretext

16. On April 22, 2022, Supervisor Liggans decided not to extend Plaintiff's appointment beyond May 7, 2022, citing: (a) a monitoring score of 86.5%, below the 90% standard; (b) average call duration of 10:36, exceeding the 7-minute standard; and (c) unresponsiveness to emails and Teams notifications.

17. These reasons are pretextual for three independently sufficient reasons.

18. **Sworn testimony contradicted by documentary evidence.** Supervisors Agyeman-Budu and Liggans each testified under oath during EEOC proceedings that they were "not aware of Complainant's religion" at any relevant time. ROI at 429:11-12; 475:2-6, 476:15-477:2. That testimony is directly contradicted by Plaintiff's February 11, 2022 written communication — addressed to those same supervisors — explicitly identifying

Page 5 of 10

him as Muslim. A reasonable jury could find those sworn denials to be false, and from that falsity infer that the stated performance reasons were a cover for discriminatory or retaliatory motive. *See Kwan v. The Andalex Group LLC*, 737 F.3d 834 (2d Cir. 2013) (plaintiff may prove pretext "by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action").

19. **Temporal proximity to protected EEO activity.** Plaintiff contacted an EEO counselor on March 12, 2022. Supervisor Liggans was aware of that contact by March 2022. The non-extension decision followed approximately six weeks later on April 22, 2022. That gap, combined with the pattern of escalating adverse treatment, satisfies the causal connection requirement at the pleading stage. *See Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015).

20. **Performance deficiencies caused by unaccommodated disabilities.** The metrics Defendant cites — slow call processing, poor email responsiveness, difficulty retaining information — are the precise functional limitations caused by Plaintiff's memory impairment and depression. Defendant had notice of those disabilities since February 9, 2022, refused to accommodate them, and then used the resulting deficiencies as grounds for termination. *See Natofsky v. City Of New York*, 921 F.3d 337 (2d Cir. 2019).

21. **Comparator evidence.** Upon information and belief, Defendant extended the appointments of other Disaster Recovery Specialists with comparable or worse performance metrics who were not Muslim, not of Bangladeshi national origin, and did not have disabilities. The EEOC administrative record reflects that a number of other agents were not extended on the same date as Plaintiff, and upon information and belief

Page 6 of 10

others were extended around that time. Plaintiff will identify specific comparators through discovery.

---

## VI. CLAIMS FOR RELIEF

### COUNT I: Religious Discrimination — Disparate Treatment

### (Title VII, 42 U.S.C. § 2000e-2)

22. Plaintiff incorporates all prior paragraphs. He is Muslim — a member of a protected class. To survive dismissal, a plaintiff must plausibly allege that his employer took adverse action against him and that his religion was a motivating factor. *Vega v. Hempstead Union Free School District*, 801 F.3d 72 (2d Cir. 2015).

23. Defendant accommodated Plaintiff's Friday prayer request without objection — then, within days of receiving Plaintiff's February 11, 2022 written identification as Muslim, Team Lead Agyeman-Budu sought to dock his pay for a routine restroom break (overruled only by Supervisor Liggans), publicly rebuked him via group chat, and subjected him to sustained disproportionate monitoring. That before-and-after pattern — a demonstrable shift in treatment coinciding precisely with supervisors' learning of Plaintiff's religion — gives rise to far more than the "minimal inference" of discriminatory motivation required at this stage. *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015). The adverse treatment culminated in the non-extension of Plaintiff's appointment while employees of other religions or no religion were not subjected to the same scrutiny or outcome. The supervisors' sworn denial of knowledge of Plaintiff's

religion — flatly contradicted by the documentary record — further supports the inference that religion was the true motive.

---

## COUNT II: Disability Discrimination and Failure to Accommodate

## (Rehabilitation Act, 29 U.S.C. § 791)

24. Plaintiff incorporates all prior paragraphs. To establish a prima facie case of failure to accommodate, a plaintiff must show he is disabled, the employer had notice, he could perform essential functions with accommodation, and the employer refused. *Natofsky v. City Of New York*, 921 F.3d 337 (2d Cir. 2019). Each element is satisfied.

25. Defendant had notice of Plaintiff's disabilities from before his first day of employment and received repeated oral and written disclosures from February 9 through April 5, 2022. Plaintiff requested reassignment — a recognized accommodation — on April 19, 2022. Defendant denied it six days later as not a "true reasonable accommodation," offered nothing in its place, and never engaged in the interactive process. With accommodation, Plaintiff could have performed the essential functions of the role. Instead, Defendant terminated his employment based on the very performance limitations his disabilities caused. Plaintiff's disability was a but-for cause of the non-extension. *Natofsky v. City Of New York*, 921 F.3d 337 (2d Cir. 2019).

---

## COUNT III: Retaliation

## (Title VII, 42 U.S.C. § 2000e-3; Rehabilitation Act, 29 U.S.C. § 791)

26. Plaintiff incorporates all prior paragraphs. He engaged in protected activity by: (a) disclosing his religious identity and requesting accommodation on February 4 and 11, 2022; (b) requesting disability accommodation from February 9 through April 19, 2022; and (c) contacting an EEO counselor on March 12, 2022 — of which Supervisor Liggans was aware by March 2022.

27. The adverse actions that followed — Team Lead Agyeman-Budu's attempted pay deduction for a routine restroom break, the public group-chat rebuke, disproportionate monitoring, denial of accommodation, and non-extension — constitute materially adverse employment actions. The non-extension decision on April 22, 2022, approximately six weeks after EEO contact, combined with the supervisors' false sworn testimony and Defendant's decision to penalize Plaintiff for disability-caused performance deficiencies it refused to accommodate, collectively establish but-for causation. *Kwan v. The Andalex Group LLC*, 737 F.3d 834 (2d Cir. 2013) ("[A] plaintiff may rely on evidence comprising her prima facie case, including temporal proximity, together with other evidence such as inconsistent employer explanations, to defeat summary judgment at that stage.").

## VII. RELIEF REQUESTED

28. Plaintiff respectfully requests:

- Back pay and lost benefits;

- Front pay and future earnings;

- Compensatory damages for emotional distress and reputational harm;

- Declaratory relief that Defendant's conduct violated Title VII and the Rehabilitation Act;

- Injunctive relief, including reinstatement;

- Costs and attorney's fees as permitted by law; and

- Such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

_Sultan A. Maruf_

*Pro Se Plaintiff*

2043 Seagirt Blvd, Apt 2F,

Far Rockaway, NY 11691

Phone: 929-451-2152

Email: SULTANMARUF@LIVE.COM

Date: *March 9, 2026*

Revised 12.10.2025; Effective 12.10.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SULTAN MARUF

**DEFENDANTS**
KELLY LOEFFLER,
~~Administrator~~ ⊞

**(b)** County of Residence of First Listed Plaintiff **QUEENS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sultan A. Maruf
Pro Se ⊞

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee * | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e (Title VII) and 29 U.S.C. §791 (Rehabilitation Act)

Brief description of cause:
Employment discrimination based on religion, disability discrimination, failure to accommodate, and retaliation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Compensatory dama⊞

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

* Please respond to Part F on Page 2

PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO

**PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY**

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration [No]

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

[✓] monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

[ ] the complaint seeks injunctive relief, or

[ ] the matter is otherwise ineligible for the following reason:

**PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1**

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

None. Plaintiff is an individual.

**PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)**

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

None.

**PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)**

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you* **must select Office Code 2.**

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? [No]

2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? [No]

3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? [No]
   b. Do the majority of defendants reside in Nassau or Suffolk County? [No]
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? [No]
4. If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County? [No]
   (Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).

**PART E - BAR ADMISSION**

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. [No]

If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? [No] If yes, please explain:

**PART F - IMMIGRATION HABEAS**

1. Is this petition based on an immigration detention? [No]     2. Does this case require immediate attention of a judge? [No]

[Check Form to Validate Before Signing]

I certify the accuracy of all information provided above.

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

Signature: _____     Date: 3/9/2026

Revised 12.10.2025; Effective 12.10.2025     PAGE TWO OF TWO

JS 44 Reverse (Rev. 12.10.2025)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**Page One Instructions**

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Page Two Instructions**

A.    Certification of Arbitration Eligibility: Indicate whether the case is eligible for arbitration under Local Civil Rule 83.7. If you answer No, please check at least one of the reasons that the case is not eligible.

B.    Disclosure Statement - Federal Rules of Civil Procedure 7.1: If additional space is needed, please add the parties on an additional page.

C.    Related Case Statement: If additional space is needed, please add the parties on an additional page.

D.    Division of Business Rule 1(d)(3): Your answers in this section will determine whether your case will be designated as a Central Islip or Brooklyn case. Failure to complete this section may result in a delay assigning your case to a judge. Anwer all four (4) questions in this part, including 3(a), 3(b), and 3(c).

E.    Bar Admission: Answer both questions.

F.    Immigration Habeas: Answer both questions.

**Click "Check Form to Validate Before Signing." If any required fields have not been completed, please do so before signing.**

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

|  |  |
|---|---|
| SULTAN A. MARUF <br><br> ———————————— <br> *Plaintiff(s)* <br> v. <br><br> KELLY LOEFFLER, <br> Administrator, <br> Small Business Administration, <br> Agency. <br> ———————————— <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Office of General Counsel
U.S. Small Business Administration
409 Third Street SW
Washington, DC 20416

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Sultan A. Maruf
Pro Se Plaintiff
2043 Seagirt Blvd, Apt 2F,
Far Rockaway, NY 11691
Phone: 929-451-2152
Email: SULTANMARUF@LIVE.COM

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: **03/09/2026**  ————————————

————————————
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10063;  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10063;  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10063;  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10063;  I returned the summons unexecuted because _____ ; or

&#10063;  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information regarding attempted service, etc: